## DANEMULLER *v.* BURTON.

The fourth section of the statute of limitation of 1843, cannot be pleaded in bar to an action founded upon a judgment rendered before a justice of the peace in this state.

The certified transcript of a justice of the peace is made by law as conclusive in the courts of this state, for certain purposes, as the transcript of a a court of record, and for that reason the fifth section of the statute of limitations would seem appropriate to actions founded upon transcripts from justices' courts.

In *Brnce* v. *Luck*, ante 143, the question is not decided whether an action founded upon a justice's transcript from another state is within the fourth section of the limitation law of 1843.

### Appeal from Dubuque District Court.

*Opinion by* GREENE, J. This action was founded upon the transcript and judgment of a justice of the peace, of Dubuque county, by which it appeared that judgment had been rendered against Geo. Danemuller, as garnishee, in June, 1853. The defendant pleaded the statute of limitation. of 1843. To this plea, the plaintiff demurred, and the demurrer was sustained, and judgment was rendered in favor of plaintiff.

This decision directly involves the question, whether the fourth section of the " act for the limitation of actions," approved February 15th, 1843, can be pleaded in bar to an action founded upon a judgment rendered before a justice of the peace. That section provides that all actions founded upon " lease for rent," or " on account," or " founded upon any single or penal bill, promissory note, or writing obligatory, or for the direct payment of money, or the delivery of property, or the performance of covenants, or upon any award under the hands and seals of arbitrators for the payment of money only, and every action of assumpsit must be commenced within six years." Rev. Stat. 385, § 4. There is nothing said in this section about actions founded exclusively upon a transcript of a judgment from a justice of the peace. Among the causes of action mentioned, that which comes nearest to such a judgment, is, " any award under the hands and seals of arbitrators." But there is a wide difference between an award of arbitrators and a judgment of a justice, or any other judgment upon which execution might be issued.

The fifth section of said act, of 1843, provides: " That judgment in any court of record in this state, may be revived by *scire facias*, or an action of debt may be brought thereon within twenty years next after the date of such judgment and not after." True, a justice's court is not " a court of record," in the ordinary acceptation of that term ; still the docket and certified transcript of a justice, under the Rev. Stat. have all the credit and force of a record. Upon the filing of a certified transcript, in the district court of the same county, a like judgment is rendered in that court, and thereupon becomes a lien upon the defendant's real estate, Rev. Stat. 328 ; § § 15, 16. By section seventeen, such certified transcript is conclusive evidence of the judgment before any other justice of the peace in the state, and will justify a *scire facias*, and an execution, unless full payment or other good cause can be shown. In other sections of the justice's act, regulating appeals, &c., full credit

and conclusiveness are attached to a justice's docket and transcript. Indeed, so much importance and conclusiveness are given to them as matters of record, that we can see no good reason why the judgment of a justice of the peace in this state may not with reason, be included in section five. That section is at least much more appropriate 'to such a judgment, than section four.

This court decided in *Latourette* v. *Cook*, [a.] that this fourth section of the statute of limitations cannot be pleaded in bar to an action of debt, founded on a judgment from another state. Upon the same principle, it cannot be pleaded in bar to an action founded upon a judgment from a justice of the peace in this state.

But, counsel for the appellant places great reliance upon the case of *Brnce et al* v. *Luck*. [b] In that case, the suit was brought on the transcript of a judgment rendered on a promissory note, by a justice of the peace, in the state of Missouri, in 1844. The defendant pleaded the statute of limitations, of 1843. But unlike this case, the plaintiff did not demur to the plea. He virtually confessed the plea, and sought to avoid it by alleging in his replication that the plaintiffs were non-residents of the state, and that therefore their right of action should not be barred. The defendant's demurrer to the replication was sustained, and this court affirmed that ruling, upon the ground that the *lex fori* must prevail in all matters merely remedial, and that consequently the non-residence of the plaintiff could not avoid such a plea. Under that state of the pleadings, we were not called upon to decide whether an action on a justice's transcript from another state, in connection with the promissory note, could or could not be barred by the statute of limitations of 1843. That question was not presented by the record, and therefore was not decided. But in this case, that question is directly involved, and accord

(a) *See* 3 *G. Greene*, 593.
(b) *Ante*, 143.

ingly decided ; that an action founded upon a judgment rendered by a justice of the peace, is not within the fourth section statute of limitations of 1843.

Judgment affirmed.

*J. Burt*, for appellant.

*Smith, McKinlay* and *Poor*, for appellee.